UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORY ILSUNG,<br><br>            Plaintiff,<br><br>       v.<br><br>YARMOLYUK, et. al.,<br><br>            Defendants. | No. 2:20-cv-0033-EFB P<br><br><br>ORDER |

Plaintiff, a state prisoner, proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. His initial complaint was dismissed on screening (ECF No. 5) and he was granted leave to amend. He has now filed an amended complaint (ECF No. 8) which is screened below.

## Screening

### I.     Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41

1

1  (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of
2  his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
3  a cause of action's elements will not do. Factual allegations must be enough to raise a right to
4  relief above the speculative level on the assumption that all of the complaint's allegations are
5  true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable
6  legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
7  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

8  In reviewing a complaint under this standard, the court must accept as true the allegations
9  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740
10 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in
11 the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must
12 satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule
13 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the
14 pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the
15 grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

16  II.   Analysis

17  Plaintiff alleges that defendant Yarmolyuk, a correctional officer, confiscated legal
18 materials which were essential to filing: (1) a request to the California governor for a commuted
19 sentence; and (2) a habeas petition. ECF No. 8 at 3. He also alleges that Yarmolyuk confiscated
20 photographs of plaintiff's deceased mother. *Id.* He claims that Muhammad, a sergeant and
21 Yarmolyuk's superior, ordered Yarmolyuk to conduct the cell search which resulted in the
22 confiscation. *Id.* at 6. Plaintiff also claims that he brought his concerns regarding the confiscated
23 items to defendant Muhammad and she declined to order the items returned or to otherwise assist
24 plaintiff. *Id.* at 3-4. He claims there was no penological basis under California Department of
25 Corrections and Rehabilitation policy for the confiscation and both defendants undertook the act
26 solely to frustrate his litigative efforts. *Id.* at 4-6.

27  As the court explained its last screening order, the confiscation of non-legal personal
28 property – here the photographs of his deceased parent - is not actionable as a due process claim

2

under section 1983 where the deprivation is the result of random and unauthorized action (as opposed to an established state procedure), and the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 532-33 (1984). California provides an adequate post-deprivation remedy through its Government Claims Act. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Turning to plaintiff's claim that his access to the courts was frustrated, the court finds that he has failed to articulate a viable claim. To reiterate, to assert a First Amendment claim based on denial of access to the courts, plaintiff must plead specific facts showing that the defendants actually injured his litigation efforts, in that they hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). In *Lewis*, the Supreme Court identified three types of cases to which a First Amendment access to court claim could apply: (1) direct appeals for convictions for which they were incarcerated; (2) habeas petitions; and (3) civil rights actions pursuant to section 1983. 518 U.S. at 354. A request for commutation or pardon to the governor, while obviously related to petitioner's criminal conviction, does not fall into any of those three categories. Moreover, although plaintiff describes his request for commutation as "non-frivolous," he offers no elaboration on this point. And the same is true for his prospective habeas petition of which he states only "[plaintiff] asserts he would gain relief through habeas corpus." ECF No. 8 at 6. He does not offer any specifics as to the nature of his habeas claims or why, as he suggests in conclusory fashion, the confiscation of his documents would totally preclude their pursuit.

Finally, although plaintiff characterizes the confiscation of his documents as an act of retaliation, he offers no specific allegations which, taken as true, would support this theory. He claims only that Yarmolyuk and Muhammad were "bent on chilling [his] exercise of his First Amendment rights." *Id.* at 8. Mere conclusions of hypothetical retaliation are insufficient, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 (n.1) (10th Cir. 1990). To be sure, plaintiff walks through a lengthy listing of CDCR regulations and argues that the confiscation of

his items did not comport with penological objectives, but this is not the same as articulating explicit allegations that comport with the elements[1] of a First Amendment retaliation claim.

The court will offer plaintiff one final opportunity to amend before it recommends dismissal.

### III. Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605 at 607.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

/////

---

[1] As the court explained in its prior order, a First Amendment retaliation claim requires: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-568 (9th Cir. 2005).

Any amended complaint should be as concise as possible in fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.  He should also take pains to ensure that his amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing and organization.  Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 8) is dismissed with leave to amend within 30 days from the date of service of this order; and

2. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: May 13, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE